UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NILSON HERNEY VALENCIA-RIASCOS,<br><br>　　　　　　　　Defendant. | NO: CR-10-6095-RMP<br><br>ORDER DENYING MOTION FOR ACQUITTAL |

This matter is before the Court on Defendant's "Motion for Rule 29 Judgment of Acquittal or in the Alternative for New Trial," ECF No. 83.[1] The Court held a hearing on Defendant's Motion on August 24, 2011, in Richland, Washington. Defendant Nilson Herney Valencia-Riascos, who is in custody, was

---

[1] In addition to the present motion for a judgment of acquittal, the Defendant also moved for acquittal at the close of the Government's case at trial and renewed the motion prior to closing arguments. The Court denied both motions.

ORDER DENYING MOTION FOR ACQUITTAL ~ 1

present and represented by Assistant Federal Defender Alex B. Hernandez, III, and assisted by Court-appointed interpreter Bea Rump. Assistant United States Attorney Shawn N. Anderson appeared on behalf of the Government. The Court has reviewed the motion, ECF No. 83, the parties' submissions related to the motion, ECF Nos. 84 and 86, and the remaining file and is fully informed in the matter.

## Background

On December 7, 2010, Mr. Valencia-Riascos was indicted by a grand jury on one count of forcibly assaulting a federal officer, United States Immigration Enforcement ("ICE") Agent Shawn Miller, by acts "involving physical contact which inflicted bodily injury" while the Agent was engaged in his official duties, in violation of 18 U.S.C. § 111.

The evidence at trial included the testimony of ICE Agent Miller, testimony of a lay witness who was in the room at the time of the assault, testimony of three police officers who were present shortly after the incident, testimony of a police officer who investigated the incident, a video that captured a limited view of the events through the open doorway to the interview room, and the testimony of Mr. Valencia-Riascos. Agent Miller testified that the assault occurred during his efforts to fingerprint Mr. Valencia-Riascos as part of an immigration interview.

In the course of the trial, which began on June 6, 2011, the Government moved for a jury instruction on and a verdict form informing the jury of the lesser included offense of assault on a federal officer by physical contact, without the element of bodily injury. The Court granted the motion and instructed the jury on the charged offense and the lesser included offense. The jury returned a verdict of guilty on the lesser included offense on June 9, 2011.

## Standards

In reviewing a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), the Court must determine whether "viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt." *United States v. Hazeem*, 679 F.2d 770, 772 (9th Cir.), *cert. denied*, 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982); United States v. Nevils, 598 F.3d 1158, 1161 (9th Cir.2010 (en banc).[2]

Rule 29, therefore, presents a two-step inquiry. *Nevils*, 568 F.3d at 1164-1165. First, the Court must review the evidence in the light most favorable to the Government. When "faced with a record of historical facts that supports

---

[2] In addition to the present motion for a judgment of acquittal, the Defendant also moved for acquittal at the close of the Government's case at trial and renewed the motion prior to closing arguments. The Court denied both motions.

ORDER DENYING MOTION FOR ACQUITTAL ~ 3

conflicting inferences" the Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Nevils*, 568 F.3d at 1164-1165 (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).  Second, the Court must determine whether "any" rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  *Nevils*, 568 F.3d at 1164-1165.

Rule 33 of the Federal Rules of Criminal Procedure provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980)). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Alston*, 974 F.2d at 1211-12 (quoting *Lincoln*, 630 F.2d at 1319).

ORDER DENYING MOTION FOR ACQUITTAL ~ 4

**Defendant's Argument**

Defendant argues that there was insufficient evidence that Mr. Valencia-Riascos assaulted Agent Miller because the only evidence of assault was Agent Miller's testimony that Mr. Valencia-Riascos, in the course of resisting the agent's efforts to fingerprint him, struck the agent on the arm and in the mouth with "everything he had" chen Agent Miller grabbed the Defendant's shirt, causing Agent Miller pain and swelling in his arm.

**Analysis**

18 U.S.C. § 111 provides:

(a) In general.--Whoever--
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [designated federal officer or employee] while engaged in or on account of the performance of official duties; or

> (2) forcibly assaults or intimidates any person who formerly served as [designated federal officer or employee] on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a) . . . inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

ORDER DENYING MOTION FOR ACQUITTAL ~ 5

Section 111 creates three distinct offenses, with subsection (a) containing a misdemeanor and a felony punishable by up to 8 years and subsection (b) containing an additional felony, punishable by up to 20 years. *United States v. Vela*, 624 F.3d 1148, 1159 (9th Cir. 2010); *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008); *accord United States v. Stoddard*, No. 10-10124, 407 Fed. Appx. 231, *1 (9th Cir. Jan. 4, 2011) (also interpreting 18 U.S.C. §111 as amended in 2008 as creating three separate offenses).

Mere resistance is insufficient to support a conviction under § 111(a). *Chapman*, 528 F.3d at 1221. There must be an assault, meaning an action that is "'either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" *Chapman*, 528 F.3d at 1219-20 (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)).

Therefore, to convict Defendant of the felony under §111(a), the Government must have proven beyond a reasonable doubt that: (1) on or about November 8, 2010, Agent Miller was an officer or employee of the United States; (2) Mr. Valencia-Riascos forcibly assaulted Agent Miller; (3) Mr. Valencia-Riascos did so while Agent Miller was engaged in, or on account of, his official

ORDER DENYING MOTION FOR ACQUITTAL ~ 6

1  duties; and (4) the assault involved physical contact.  *See* Model Crim. Jury Instr.

2  9th Cir. 8.3 (2010); *see also* 2 Fed. Jury Prac. & Instr. §24.06 (5th Ed.).

3        The Defendant emphasizes that the police officers who observed Agent

4  Miller immediately following the incident did not see any indications of injury to

5  his arm or mouth, and there is nothing visible in the video to indicate that Mr.

6  Valencia-Riascos struck Agent Miller in the arm and mouth, as Agent Miller

7  testified.  Defendant also emphasizes that the lay witness, a jail trustee who was

8  serving as an interpreter at the request of Agent Miller, testified that he did not see

9  the Defendant strike the agent, and that the available portions of the video do

10 notnonow the Defendant striking Agent Miller at the exact same time that Agent

11 Miller grabbed the Defendant's shirt.  The Defendant testified and contradicted

12 Agent Miller's testimony of the event.

13       In reviewing the evidence in the light most favorable to the Government, the

14 Court finds that a reasonable juror could have found Agent Miller to be credible

15 and relied on Agent Miller's testimony that the Defendant struck the agent as

16 sufficient evidence to find beyond a reasonable doubt that the Defendant was

17 guilty of the felony, which does not involve bodily injury but only physical

18 contact.

19       The Court, therefore, denies the Defendant's motion with respect to the

20 motion for acquittal.  *See United States v. Rojas*, 554 F.2d 938, 943 (9th Cir.1977)

ORDER DENYING MOTION FOR ACQUITTAL ~ 7

(stating that, "[i]n ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts'"(internal citation omitted)).

As for Defendant's motion for a new trial, the majority of the evidence was neutral as to whether Defendant intentionally assaulted Agent Miller in a way that involved physical contact. The video does not show what occurred once the agent and Defendant move away from the doorway in the investigation room. The testimony of the lay witness, who was an inmate serving as a trustee and translator, was inconsistent and not credible. *See Alston*, 974 F.2d at 1211 (noting that a court may weigh the evidence for purposes of analyzing a Fed. R. Crim. P. 33 motion).

Again, this matter centers on whether one believes Agent Miller's testimony that the Defendant struck him, or the Defendant's testimony that he did not strike Agent Miller. The jury could have reasonably concluded that Agent Miller was credible and that the Defendant was not credible. The jury could reasonably find that the agent's reference to the assault occurring at the time that the agent grabbed the Defendant's shirt as meaning a beginning point of a chain of events rather than as the exact same second that the agent grabbed the shirt, as Defendant now argues. The fact that the jury apparently found Agent Miller credible and the timing of the Defendant's assault believable does not weigh sufficiently heavily to

ORDER DENYING MOTION FOR ACQUITTAL ~ 8

persuade the Court that a serious miscarriage of justice may have occurred. Therefore, the Court denies Defendant's motion for a new trial.

**Accordingly, IT IS ORDERED** that Defendant's motion for judgment of acquittal or, in the alternative, for a new trial, **ECF No. 83**, is **DENIED**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** this 29th day of August, 2011.

   *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge